o

```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     LAREDO DIVISION

CYNTHIA GARCIA,                    §
                                   §
          Plaintiff,               §
vs.                                §
                                   §   Civil Action No. L-12-117
                                   §
CITY OF LAREDO, TEXAS and          §
CARLOS R. MALDONADO in his         §
individual capacity,               §

          Defendants.
```

MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss filed by the Defendants, Carlos R. Maldonado and the City of Laredo, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 42.)  Plaintiff Cynthia Garcia filed a Response in Opposition to Defendants' Motion to Dismiss.  (Dkt. 47.)

Background

The following facts come from the Plaintiff's live pleading, the Second Amended Original Complaint.  Plaintiff was employed by the Laredo Police Department as a Clerk III.  (Dkt. 40 at ¶¶ 12-17.)  She performed her work well and did not have access to sensitive information.  (Id.)  She became pregnant and took Family Medical Leave Act (FMLA) leave beginning on April 22, 2010.  (Id. at ¶¶ 18-21.)  On May 18, 2010, while she was on FMLA leave and in her third trimester of pregnancy, the Laredo Police Department and federal law enforcement performed a search

of her home. (Id. at ¶¶ 22-26.) During this search, she was required to stand outside in 90 degree heat, was prevented from reentering her home, was not allowed to leave, was required to comply with commands, and was not given the opportunity to eat, even though she needed food for her diabetes medication. (Id. at ¶¶ 22-26, 28.) Law enforcement seized $8,117 in legally-obtained cash, as well as weapons that were lawfully registered to the Plaintiff's common-law husband. (Id. at ¶¶ 27-29.) These items were later returned because they were not illegally obtained or possessed. (Id. at ¶ 35.) No illegal drugs were found, but her common-law husband "was arrested allegedly for drug related charges" outside the house. (Id. at ¶¶ 30, 33.) The charges against her common-law husband were dismissed on June 28, 2010. (Id. at ¶ 37.)

The Plaintiff expected to return to work after her FMLA leave in early July 2010, but she was instead terminated by the Laredo Chief of Police, Defendant Maldonado, on July 6, 2010, while she was still on FMLA leave. (Id. at ¶¶ 36-37.) There was "no justifiable reason to terminate Plaintiff's employment." (Id. at ¶ 39.) Instead, the only cause of the termination was the arrest of the Plaintiff's common-law husband. (Id. at ¶¶ 38-40.)

## Discussion

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true all well-pleaded factual allegations in the complaint and determines whether that complaint states, plausibly on its face, a claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Plausibility requires "more than a sheer possibility," but less than a probability, "that a defendant has acted unlawfully." Id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (alterations and quotations in original; internal citations omitted).

The Plaintiff has sued the City and Maldonado in his individual capacity. She asserts seven causes of action against both Defendants. (Dkt. 40.) The Defendants' Motion to Dismiss generally asserts that Maldonado has qualified immunity from

suit. (Dkt. 42 at 1, ¶¶ 3-4.) It also attacks several causes of action for failure to state a claim. (<u>Id.</u> at ¶¶ 5-13.) The Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss. (Dkt. 47.)[1] The Court will discuss each of the seven causes of action individually before turning to Maldonado's general qualified immunity defense.

<u>1. Deprivation of Liberty Interest</u>

The Plaintiff's First Cause of Action is that the Defendants deprived her of a liberty interest when she was discharged, stigmatized by false charges that were made public, and denied the opportunity to clear her name at a hearing. (Dkt. 40 at ¶¶ 48-55.) As the Defendants point out, for such a cause of action, the Plaintiff must show:

> (1) that she was discharged; (2) that stigmatizing charges were made against her in connection with the discharge; (3) that the charges were false; (4) that she was not provided notice or an opportunity to be heard prior to her discharge; (5) that the charges were made public; (6) that she requested a hearing to clear her name; and (7) that the employer refused her request for a hearing.

---

[1] The Plaintiff has attached an affidavit to her Response. (Dkt. 47-2.) When deciding a motion to dismiss, the Court can only consider the pleadings themselves. If evidence is also considered, the Court must treat the motion to dismiss as a motion for summary judgment and give the parties the opportunity to develop a record of evidence. Fed. R. Civ. P. 12(d). The Court will instead exclude the Plaintiff's evidence from consideration. <u>See id.</u> In any event, the affidavit adds nothing to the allegations in the Complaint.

Hughes v. City of Garland, 204 F.3d 223, 226 (5th Cir. 2000). Among other things, the Defendants argue that the Plaintiff failed to "aver any facts showing . . . that the reason given for the termination was publicized in a manner that stigmatized the Plaintiff." (Dkt. 42 at ¶ 7.) The Plaintiff does not respond to the Defendants' arguments about this cause of action. (See Dkt. 47.)

The Plaintiff only makes conclusory allegations that stigmatizing charges were made public and that "[k]nowledge of Plaintiff's termination was disclosed to various individuals and it was widely reported in the media." (Dkt. 40 at ¶¶ 46, 51, 53.) A governmental entity is not liable unless the public disclosure is "fairly attributable" to the governmental entity itself. Hughes, 204 F.3d at 227-28. The Plaintiff does not indicate who made any supposed disclosures or media reports or where they appeared. Therefore, the First Cause of Action must be dismissed without prejudice.

2. Deprivation of Property Interest

The Plaintiff's Second Cause of Action is a claim under 42 U.S.C. § 1983. The Plaintiff claims that the Defendants deprived her of a property interest and violated federal law by taking away an "approved benefit [that] provided for job restoration for Plaintiff." (Dkt. 40 at ¶¶ 56-62.) The Defendants argue that the Plaintiff did not have any property

5/14

interest in her continued government employment because the Plaintiff was an employee-at-will. (Dkt. 42 at ¶¶ 9-11.) The Plaintiff responds that she had a property interest in her employment because she had "invoked and received the leave under the [FMLA]," which gave her a property interest in being restored to her employment. (Dkt. 47 at ¶¶ 38-41.)

In this case, Plaintiff is not overtly invoking a state law interest but rather claims a property right under the FMLA. The parties dispute whether the FMLA creates a property right protected by the Due Process Clause, but a § 1983 claim need not involve a constitutional right. Instead, § 1983 also protects federal statutory rights, and the FMLA creates such a statutory right. E.g., O'Hara v. Mt. Vernon Bd. of Educ., 16 F.Supp.2d 868, 893 (S.D. Ohio 1998).

The FMLA is a standalone federal statute that gives certain eligible employees the right to take leave for specified personal and family reasons. 29 U.S.C. §§ 2601-2654. It provides a remedial scheme for employees whose FMLA rights are violated. Id. § 2617(a). Here, the Plaintiff is pursuing just such a remedy through the Third Cause of Action. It is unclear whether the Plaintiff can pursue this § 1983 claim to supplement the remedies laid out by the FMLA itself. Several courts have held that a § 1983 action cannot supplement the comprehensive remedial scheme provided by the FMLA. E.g., Kilvitis v. Cnty.

of Luzerne, 52 F.Supp.2d 403, 417-19 (M.D. Pa. 1999); O'Hara, 16 F.Supp.2d at 893-95; Jolliffe v. Mitchell, 971 F.Supp. 1039, 1044-45 (W.D. Va. 1997).  But see Knussman v. Maryland, 16 F.Supp.2d 601, 609-10 (D. Md. 1998) (§ 1983 claim can supplement FMLA remedy).

In her response to the motion to dismiss, Plaintiff repeatedly mentions that the Defendants approved her FMLA leave. (Dkt. 47 at ¶¶ 38-39, 41; see also Dkt. 40 at ¶¶ 59-60.) Another unclear issue, therefore, is whether Plaintiff is arguing that Defendants' alleged approval of the FMLA leave created a contract which would support a state law claim for breach of contract.

As the pleadings now stand, the Defendants have not shown that they are entitled to dismissal of this claim.  Therefore, the motion to dismiss the Second Cause of Action against the City will be denied.[2]

### 3. FMLA Violation

The Plaintiff's Third Cause of Action is that the Defendants violated the FMLA.  (Dkt. 40 at ¶¶ 63-67.)  The Defendants' Motion to Dismiss does not specifically attack this

---

[2] As mentioned previously, Maldonado generally raises the qualified immunity defense, apparently as to all causes of action.  (Dkt. 42 at ¶¶ 3-4.)  Therefore, Maldonado's general qualified immunity defense applies to this claim.  That defense is analyzed below.

claim. (See Dkt. 42.) Therefore, the claim against the City will survive the Motion to Dismiss.[3]

### 4. Fourth and Fourteenth Amendment Violations

Plaintiff's Fourth Cause of Action is that the Defendants violated her Fourth Amendment right "to be free from unreasonable detention, search and seizure" and her Fourteenth Amendment right "to equal protection." (Dkt. 40 at ¶¶ 68-69.) As to the City, the Defendants' Motion to Dismiss does not challenge this cause of action, and so it will proceed against the City for now. (See Dkt. 42.) However, Maldonado argues he is not personally liable for these violations because the Plaintiff does not allege that Maldonado was directly involved in the detention, search, and seizure. (Id. at ¶ 12.) The Plaintiff responds that Maldonado is liable because he "had approved his officer participation in the raid" and because he failed to train his subordinates on proper detention, search, and seizure methods. (Dkt. 47 at ¶¶ 42-45.) However, these allegations do not appear in the complaint itself. (See Dkt. 40.)

Under 42 U.S.C. § 1983, a supervisor like Maldonado can only be found liable for his subordinates' constitutional violation "if there exists either (1) his personal involvement

---

[3] Again, Maldonado's general qualified immunity defense applies to this claim. That defense is analyzed below.

in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). For example, a supervisor can be found liable if he implements a seriously deficient policy that undermines the constitutional right and causes the constitutional violation. Id.

Again, the Plaintiff's Response indicates that she now wishes to argue that Maldonado was personally aware of the search and that he set deficient training policies. (Dkt. 47 at ¶¶ 42-45.) However, the Plaintiff's Second Amended Original Complaint makes no such allegations. (See Dkt. 40.) The Plaintiff has failed to plead sufficient facts to show that Maldonado is individually liable for his conduct, and the Fourth Cause of Action will be dismissed without prejudice against Maldonado.

5. Violations of First Amendment Association Rights

The Plaintiff's Fifth Cause of Action is that the Defendants violated her First Amendment association rights through deliberate indifference. The Defendants' Motion to Dismiss does not challenge this cause of action as against the City, and therefore it will proceed against the City.[4]

---

[4] As was the case above, Maldonado's general qualified immunity defense applies to this claim. That defense is analyzed below.

### 6. Violations of the Texas Constitution

The Plaintiff's Sixth Cause of Action "seeks to require governmental official (i.e. her former employer) to comply with constitutional provisions; specifically, with the Texas Constitution, Article 1, Section 9, protecting her from unreasonable search and seizure [sic]." (Dkt. 40 at ¶ 74.) She argues that "Defendants violated Plaintiff's rights by acting without legal or statutory authority when they searched her home, and then using the illegally obtained information to terminate her employment." (<u>Id.</u> at ¶ 75.) The Texas Supreme Court has squarely held that equitable relief is available against a local government for a violation of the Texas Constitution. <u>City of Elsa v. M.A.L.</u>, 226 S.W.3d 390, 392 (Tex. 2007) (per curiam). Therefore, to the extent that the City moves to dismiss the Sixth Cause of Action, that motion will be denied.

Maldonado argues that the Sixth Cause of Action against him should be dismissed because he is no longer employed by the City and therefore cannot provide any equitable relief to the Plaintiff. (Dkt. 42 at ¶ 13.) In her Response, the Plaintiff does not respond to this argument. (<u>See</u> Dkt. 47.)

The Plaintiff's Second Amended Original Complaint alleges that Maldonado "was former employee of the City of Laredo and former Chief of Police of Laredo, Texas [sic]." (Dkt. 40 at

¶ 8.)  The Court agrees that Maldonado cannot provide the requested equitable relief because he is no longer employed by the City.  Therefore, the motion to dismiss the Sixth Cause of Action against him will be granted.

### 7. Termination for Association

The Plaintiff's Seventh Cause of Action is that "Plaintiff's association with her common-law husband was a substantial and motivating factor in the Defendants' decision to terminate her employment."  (Dkt. 40 at ¶ 77.)  It is unclear how this cause of action differs from the Fifth Cause of Action, which alleges that the Defendants violated the Plaintiff's First Amendment association rights.  (Id. at ¶¶ 70-72.)  Further, the Plaintiff's pleading does not make it clear whether the Seventh Cause of Action is based on federal or state law.  The Motion to Dismiss does not discuss the Seventh Cause of Action.  (See Dkt. 42).  The Court will defer ruling on this Seventh Cause of Action.

### 8. Federal Qualified Immunity Defense

As discussed above, the Court will ultimately dismiss the Plaintiff's First Cause of Action in its entirety.  The Court will also dismiss the Fourth and Sixth Causes of Action against Maldonado.  As to the surviving causes of action that are based on federal law (i.e., the Second, Third, and Fifth Causes of

Action), the Court must still determine whether Maldonado is entitled to dismissal due to a qualified immunity defense.

Federal qualified immunity law protects "government officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Brown v. Miller, 519 F.3d 231, 236 (5th Cir. 2008). Maldonado raised the affirmative defense of qualified immunity in his motion to dismiss (Dkt. 42 at ¶¶ 3-4) and in his answer to the Second Amended Original Complaint (Dkt. 43 at ¶ 14). When an answer raises the qualified immunity defense and the plaintiff's complaint does not provide sufficient detail to analyze the defense, the Court should order the plaintiff to file a reply to the qualified immunity defense. Morin v. Caire, 77 F.3d 116, 120-21 (5th Cir. 1996); Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc).

Here, the Plaintiff has not yet explained with particularity how she can overcome the qualified immunity defense. Therefore, as to the Second, Third, and Fifth Causes of Action, the Court will direct the Plaintiff to file an amended pleading.

### Summary

As described above, the Defendants' Motion to Dismiss (Dkt. 42) is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART.

1) The following causes of action are DISMISSED without prejudice:

    - The First Cause of Action against both Defendants;
    - The Fourth and Sixth Causes of Action against Maldonado.

2) The following causes of action are not dismissed and therefore will proceed for now:

    - The Second through Sixth Causes of Action against the City.

3) For the following causes of action, the Court defers a decision:

    - The Second, Third, and Fifth Causes of Action against Maldonado;
    - The Seventh Cause of Action against both Defendants.

## Conclusion

The Plaintiff is DIRECTED to file by January 30, 2014 a Third Amended Complaint addressing the matters discussed in this Memorandum. In that Third Amended Complaint, she may attempt to replead the claims that have been dismissed without prejudice. With respect to the qualified immunity issue, Plaintiff should assert the factual allegations that she will rely upon to prove that Maldonado violated clearly established law. See Dean v. Harris Cnty., Civ. No. H-13-73, 2013 WL 2452673, at *11 (S.D. Tex. June 5, 2013) (requiring the plaintiff to file reply "providing specific facts against each of the moving defendants and alleging (1) which of his specific constitutional rights each moving defendant violated; and (2) the facts upon which

[the plaintiff] relies to establish that each moving defendant's actions were objectively unreasonable in light of clearly established law"). The Defendants are DIRECTED to respond to the Third Amended Complaint by February 20, 2014. In that response, they can also address any of the claims for which their motion to dismiss was denied.

    DONE at Laredo, Texas, this 16th day of January, 2014.

*[signature: George P. Kazen]*

George P. Kazen
Senior United States District Judge