o

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CYNTHIA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. L-12-117 |
| | § | |
| CITY OF LAREDO, TEXAS and | § | |
| CARLOS R. MALDONADO in his | § | |
| individual capacity, | § | |
| | § | |
| Defendants. | § | |
| | § | |

MEMORANDUM AND ORDER

Pending before the Court is the Motion for Summary Judgment and Motion to Dismiss filed by the Defendants, the City of Laredo and Carlos R. Maldonado. (Dkt. 61.) Plaintiff Cynthia Garcia filed a Response in Opposition to Defendants' motion. (Dkt. 67.)

Factual Background

The summary judgment evidence includes various affidavits, depositions, and documents.[1]  According to the Plaintiff's affidavit, Plaintiff was employed as a Clerk III by the Laredo Police Department, but she did not have access to "sensitive and highly confidential criminal information." (Dkt. 67-7 at pp. 1-2, 5-6.)  She became pregnant and took Family Medical Leave Act

---

[1] In her response to the pending motion, the Plaintiff objects to some of the summary judgment evidence submitted by the Defendant. (Dkt. 67 at pp. 1-3.) However, the Court relies upon none of the objected-to evidence. Accordingly, these objections are OVERRULED as moot.

(FMLA) leave beginning on April 22, 2010. (Id. at p. 2.) On May 18, 2010, while on medical leave, Laredo and federal law enforcement performed a search of her home.[2] (Id. at pp. 2-3.) Plaintiff's common-law husband was arrested outside of her house's gate, but she avers that no illegal drugs or "ex-cons" were found "in my home." (Id. at p. 3.) Instead, law enforcement seized from Plaintiff's home $8,117 in legally-obtained cash, as well as weapons that were lawfully registered to the Plaintiff's common-law husband. (Id. at 2-3.) These items were later returned because they were not illegally obtained or possessed. (Id. at p. 4.) Further, she avers that the charges against her common-law husband were dismissed on June 28, 2010. (Id.)

The Plaintiff expected to return to work after her FMLA leave on July 24, 2010 or in early August of 2010. (Id. at p. 2.) Instead, on July 8, 2010, she received a letter of termination, dated July 6, 2010, from Defendant Maldonado, the Laredo Chief of Police. (Id. at p. 4.)

The summary judgment evidence also includes the termination letter, dated July 6, 2010, signed by Defendant Maldonado, and later signed and dated by Plaintiff on July 8, 2010. (Dkt. 62-

---

[2] Plaintiff's affidavit does not suggest why law enforcement searched her home (see Dkt. 67-7), and her Third Amended Complaint alleges that she was "never shown any search warrant nor told of a search warrant" (Dkt. 57 at ¶28).

9.)  The termination letter informs Plaintiff that "[y]our employment with the City of Laredo, Police Department is terminated, effective July 11, 2010 . . . . You are instructed to turn in any keys that you may have, your employee identification card and any City of Laredo property that may be in your possession." (Id.)

The summary judgment evidence also includes Defendant Maldonado's deposition.  Defendant Maldonado explains that he fired the Plaintiff due to her relationship with her common-law husband and "the contraband that was seized," which included "packaging, labeling, high volumes of cash . . . , high-capacity magazines," and "what the investigators believed to be cocaine and marijuana" found inside a locked refrigerator in the backyard. (Dkt. 62-10 at pp. 26-29, 42-44.)  In her deposition, Plaintiff admits that drugs were found in an outdoors refrigerator that belonged to her home, although she says she does not know how the drugs got there. (Dkt. 67-4 at pp. 73-74.)

<u>Procedural Background</u>

On July 11, 2012, the Plaintiff filed her Original Complaint. (Dkt. 1.)  With leave of the Court, she amended her complaint twice, in August and September of 2013. (Dkt. 33, 34, 39, and 40.)  The Defendants filed a Motion to Dismiss on October 15, 2013 (Dkt. 42), which the Court granted in part,

denied in part, and deferred in part on January 16, 2014 (Dkt. 54). The Court gave the Plaintiff the opportunity to amend her complaint to cure pleading defects and to plead specific facts responding to Defendant Maldonado's qualified immunity defense. (Dkt. 54 at pp. 13-14.) The Plaintiff filed her Third Amended Original Complaint, the live pleading, on February 3, 2014. (Dkt. 57.) On February 20, 2014, the Defendants filed the pending Motion for Summary Judgment and Motion to Dismiss (Dkt. 61), to which the Plaintiff responded on March 12, 2014 (Dkt. 67).

## Discussion

Although the pending motion is labeled as both a motion for summary judgment and a motion to dismiss, both parties have submitted summary judgment evidence and the Court has considered evidence outside the pleadings. Therefore, the Court deals with the pending motion as a motion for summary judgment. See Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant carries the "initial burden of showing there is no genuine issue of material fact." Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir.

2000)). The nonmoving party is then "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] their claim." Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014) (alteration and internal quotation in original) (quoting Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994)). In deciding a summary judgment motion, the Court "must consider the evidence in the light most favorable to the non-movant, and any reasonable inferences to be drawn in favor of that party." Transmaritime, 738 F.3d at 706 (internal footnote omitted).

A. First and Fourth Causes of Action - Section 1983 Termination Claims

The Plaintiff's First and Fourth Causes of Action are brought under 42 U.S.C. §1983. The First Cause of Action alleges that the Defendants deprived her of a property right or violated "federal law" by refusing to reinstate her after she took FMLA leave. (Dkt. 57 at ¶¶53-59.) The Court has interpreted this First Cause of Action to include a §1983 claim that the Defendant deprived Plaintiff of her statutory FMLA rights, and so the Plaintiff does not need to show that the FMLA creates a property right protected by the United States Constitution's Due Process Clause. (Dkt. 54 at p. 6.) The Fourth Cause of Action alleges that the Defendants violated her First Amendment right to freedom of association, apparently by

terminating her due to her relationship with her common-law husband. (Dkt. 57 at ¶¶67-69.)

In the pending motion, the Defendants assert that the First and Fourth Causes of Action are barred by the statute of limitations. (Dkt. 61 at ¶¶31-32, 52.) The statute of limitations for §1983 claims is the "general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, that statute of limitations is two years. Tex. Civ. Prac. & Rem. Code §16.003(a); see also Piotrowksi, 237 F.3d at 576 (statute of limitations for §1983 action arising in Texas is two years).

The accrual date for a §1983 action is determined by federal law. Under federal law, a cause of action accrues at "the moment the plaintiff becomes aware that he [or she] has suffered an injury or has sufficient information to know that he [or she] has been injured." Piotrowksi, 237 F.3d at 576 (quotation omitted). "The fact of termination is not itself an illegal act." Chardon v. Fernandez, 102 S.Ct. 28, 29 (1981) (per curiam). Instead, an illegal act occurs when an employer makes an unlawful termination decision. Id. Therefore, a §1983 claim of wrongful termination accrues when an employee receives notice of the employer's final termination decision, even if the actual act of termination occurs at a later date. Chardon, 102

S.Ct. 28; see also Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 455-56 (5th Cir. 2011) (applying Chardon in a case alleging violations of the Age Discrimination in Employment Act).

Therefore, to the extent that the Plaintiff asserts a wrongful termination claim under §1983, the claim accrued on July 8, 2010, when she signed and dated a written notice stating that her employment would be terminated as of July 11, 2010. (Dkt. 62-9.) The Plaintiff filed her Original Complaint on July 11, 2012 (Dkt. 1), which was a few days beyond the two-year statute of limitations.

The Plaintiff seems to argue that her claims should accrue when the Defendants refused to reinstate her after her FMLA leave, rather than when the Defendants terminated her. (See Dkt. 67 at ¶¶42, 48.) However, Plaintiff cites no legal authority for making this fine distinction between the accrual dates of a termination and a failure-to-rehire claim, and the Court has failed to find any such authority.[3] Further, given the very definite termination letter that the Plaintiff received, it

---

[3] Indeed, the only cases that the Court has located are to the contrary. For example, the Fifth Circuit has held that a cause of action accrues under 42 U.S.C. §1981 when the "alleged discriminatory employment action was communicated to [the plaintiff] in such a way that he knew or reasonably should have known that he had been fired and would not be rehired." Cervantes v. IMCO, Halliburton Servs., 724 F.2d 511, 513-14 (5th Cir. 1984). That is, accrual does not occur on the discrete date that the employer refuses to rehire the employee, but rather occurs when the employee receives notice that he or she is terminated and will not be rehired.

is difficult to believe that she expected to be reinstated automatically upon the completion of her FMLA leave. Additionally, Plaintiff has presented no evidence that she made any attempt to reassert her purported right to reinstatement.[4]

Also, just as in the termination context, denial of reinstatement after a leave of absence is not itself illegal. Instead, any illegal act occurred when the Defendants allegedly <u>decided</u> to violate federal law by denying her the right to reinstatement. Therefore, accrual occurred on the date that the Plaintiff was informed that she would be denied reinstatement, even though she was actually denied reinstatement at a later date. <u>See</u> <u>Chardon</u>, 102 S.Ct. at 29. The Defendants' termination letter clearly gave Plaintiff notice that she was losing her job <u>and</u> would not be restored to it. For example, the letter required her to turn in any keys and badges. (Dkt. 62-9.) Therefore, the letter revealed that the Defendants had already made the decision to deny Plaintiff's alleged right to reinstatement. Thus, even under the Plaintiff's theory, the First and Fourth Causes of Action accrued on the date she received the termination letter, July 8, 2010. Accordingly, the

---

[4] Moreover, as will be discussed below, the FMLA itself gave the Plaintiff no right to reinstatement. Therefore, any right to reinstatement would have to be based on some other source of law, which the Plaintiff has not identified.

8/16

First and Fourth Causes of Action are barred by the statute of limitations and will be dismissed.

B. Sixth Cause of Action – Another Association Claim

Like the Fourth Cause of Action, the Sixth Cause of Action alleges that the Plaintiff was terminated based on her association with her common-law husband. (Dkt. 57 at ¶¶73-79.) In the previous Memorandum and Order, the Court noted that it was unclear whether this cause of action was based on state or federal law, or how it differed from the Fourth Cause of Action. (Dkt. 54 at p. 11.) The Plaintiff's Third Amended Original Complaint has not clarified these issues. (See Dkt. 57 at ¶¶73-79.)

The Defendants' pending motion asks the Court to dismiss this cause of action, whether it is based on state or federal law. (Dkt. 61 at ¶¶58-62.) In particular, the Defendants argue that, under Texas law, this cause of action fails due to election of remedies requirements and sovereign immunity. (Id.) The Plaintiff's response does not address these arguments or cite any state law in connection with her association claim. (Dkt. 67 at pp. 17-18.) Instead, her response refers only to her "First Amendment Right to Freedom of Association" (id.), which clearly refers to only federal law. Therefore, the Court concludes that the Plaintiff did not intend to invoke state law in connection with this cause of action. The Sixth Cause of

Action is redundant and duplicative of the Fourth Cause of Action, which the Court has already determined is barred by the statute of limitations. Therefore, the Sixth Cause of Action will be dismissed.

C. Third Cause of Action – Unlawful Search and Seizure Claim

The Third Cause of Action alleges that the Defendants perpetrated an "unreasonable detention, search and seizure under the Fourth Amendment" and violated her right to equal protection under the Fourteenth Amendment of the United States Constitution.  (Dkt. 57 at ¶¶65-66.)  While the Plaintiff does not explicitly specify the statutory basis for this cause of action, §1983 provides a remedy for constitutional violations by state and local governments.

As against Defendant Maldonado, the Court already dismissed this cause of action without prejudice.  (Dkt. 54 at pp. 8-9.)  In her Third Amended Original Complaint, the Plaintiff merely reasserts this cause of action against Defendant Maldonado.  The Plaintiff does not give the Court any reason to reverse its decision to dismiss the claim against Defendant Maldonado, which was based on the Plaintiff's failure to plead that Defendant Maldonado had caused any alleged Fourth Amendment violation. Accordingly, this cause of action will again be dismissed against Defendant Maldonado, this time with prejudice.

The City argues that this cause of action is barred by the statute of limitations. (Dkt. 61 at ¶47.) The Plaintiff does not respond to this argument. (See Dkt. 67.) Again, the statute of limitations for a §1983 claim is two years. Piotrowksi, 237 F.3d at 576; see also Tex. Civ. Prac. & Rem. Code §16.003(a). Here, the allegedly unlawful detention, search, and seizure took place on May 18, 2010. (Dkt. 57 at ¶¶26-38 (Third Amended Original Complaint); Dkt. 67-7 at pp. 2-3 (Plaintiff's affidavit).) This cause of action was filed more than two years later, on July 11, 2012. (Dkt. 1.) Therefore, this Third Cause of Action is barred by the statute of limitations and will be dismissed.[5]

---

[5] While the Third Cause of Action also alleges that "[t]he actions and conduct of Defendants violated the right of Plaintiff . . . to equal protection under the Fourteenth Amendment of the United States Constitution," she does not specify which of the Defendants' actions allegedly violated her equal protection rights. (Dkt. 57 at ¶¶65-66.) However, the Plaintiff groups her equal protection claim with her search and seizure claim. (See id.) Therefore, it appears that she alleges that her equal protection rights were violated during the search of her residence. In the pending motion, the Defendants treat this claim as if it alleges only an illegal search and seizure (Dkt. 61 at ¶¶47-51), and the Plaintiff's response does not controvert the Defendants' approach (see Dkt. 67.) Indeed, the Plaintiff's response does not even mention this cause of action or the equal protection clause of the Fourteenth Amendment. (See id.) Therefore, the Court concludes that this cause of action alleges violations of the equal protection clause in connection with the search of Plaintiff's residence. Thus, the equal protection component of this cause of action is also time-barred, for the same reasons given above.

**D. Second Cause of Action – FMLA Claim**

The Plaintiff's second cause of action is that the Defendants violated her FMLA rights by refusing to reinstate her to her previous job after she took FMLA leave. (Dkt. 57 at ¶¶60-64.) In the pending motion, the Defendants argue that this cause of action is also barred by the statute of limitations. (Dkt. 61 at ¶¶39-40.) The statute of limitations for FMLA claims is two years.[6] 29 U.S.C. §2617(c). By statute, an FMLA cause of action accrues on "the date of the last event constituting the alleged violation for which the action is brought." Id. Given this broad statutory language, the Plaintiff's FMLA cause of action may well have accrued when her termination became effective or when the Defendants actually refused to reinstate her, rather than when Defendants gave Plaintiff notice that they would terminate and refuse to reinstate her. If that is the case, the FMLA cause of action is not time-barred. However, it is unnecessary for the Court to resolve this issue because the FMLA claim fails under the summary judgment standard on the merits.

"The FMLA contains both prescriptive provisions that create a series of entitlements or substantive rights and proscriptive

---

[6] The statute of limitations is extended to three years if the FMLA violation was willful, 29 U.S.C. §2617(c), but the Plaintiff does not claim that the alleged violation here was willful.

provisions that protect employees from retaliation or discrimination based on their exercise of those rights." <u>Shirley v. Precision Castparts Corp.</u>, 726 F.3d 675, 681 (5th Cir. 2013) (emphasis in original). The Third Amended Original Complaint never alleges that the Plaintiff was terminated in retaliation for taking or applying for FMLA leave. (<u>See</u> Dkt. 57 at ¶¶60-64.) Instead, the complaint merely alleges that Plaintiff "applied and was approved for FMLA leave" and "was not restored to her previous job." (<u>Id.</u> at ¶¶62-63.) Therefore, the Plaintiff alleges that the Defendants violated her substantive entitlement right to reinstatement under the FMLA, not that the Defendants unlawfully retaliated against her for taking or applying for FMLA leave. <u>See Shirley</u>, 726 F.3d at 681 (an employee's "claimed right to return to work after his [or her] qualified absence is a substantive right" under the FMLA (internal footnote omitted)).

Defendants argue that Plaintiff's FMLA claim fails because she did not plead or show a causal link between her FMLA leave and her termination. (Dkt. 61 at ¶¶41-45.) The FMLA's reinstatement provisions do not "entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. §2614(a)(3). Thus, an employee is not entitled to

reinstatement if she would have been terminated even if she had not taken FMLA leave. See Shirley, 726 F.3d at 683 ("[A] legitimate cause for termination would preclude [an] FMLA [reinstatement] claim."). Therefore, to survive summary judgment, an employee must "present evidence sufficient to raise a jury question" that the employer's stated reason for termination was pretextual. Id.

Here, the Plaintiff was terminated from a civilian position in the police department. The Defendants assert that they terminated her because her common-law husband was a suspect in a drug investigation, and suspicious items and suspected drugs were seized during a search of her residence. (See Dkt. 61 at ¶¶22-25 (Defendants' pending motion); Dkt. 62-10 at pp. 26-30, 42-45 (deposition of Defendant Maldonado).) Plaintiff admitted in a deposition that drugs were found in a refrigerator outside her house. (Dkt. 67-4 at pp. 73-74.) Moreover, Plaintiff has not pointed to any summary judgment evidence showing that the Defendants' stated reasons for her termination were pretextual or that she would not have been terminated if she had not taken or applied for FMLA leave. (See Dkt. 67 at ¶¶38-43 (Plaintiff's response regarding this cause of action).) In fact, in her complaint, Plaintiff alleges that "[t]he only thing that happened that caused [Defendant] Maldonado to terminate Plaintiff's employment with the City of Laredo was that

Plaintiff's common-law husband, Mr. Contreras had been arrested on May 18, 2010 for alleged possession of a controlled substance." (Dkt. 57 at ¶49 (emphasis added)). Moreover, in her deposition, Plaintiff stated that she did not believe that she was terminated because she applied for or took FMLA leave. (Dkt. 62-5 at pp. 105-06.) Therefore, the Plaintiff has not raised a genuine issue of material fact showing that the Defendants would not have fired her if she had not taken or applied for FMLA leave or that the Defendants' stated reasons for firing her were pretextual. Thus, the Second Cause of Action will be dismissed.

### E. Fifth Cause of Action – State Law Claim

The Fifth Cause of Action claims that the Defendants violated the Texas Constitution by conducting an unreasonable search and seizure. (Dkt. 57 at ¶¶70-72.)[7] The Court has already determined that it will dismiss all the claims over which it has original jurisdiction. Therefore, the Court may decline to exercise supplemental jurisdiction over the Plaintiff's state law claim. See 28 U.S.C. §1367(c)(3). When

---

[7] As against Defendant Maldonado, the Court has already dismissed this cause of action without prejudice. (Dkt. 54 at pp. 10-11.) The Plaintiff has merely reasserted this claim against Defendant Maldonado without providing any reason for the Court to reverse its decision. (See Dkt. 67.) As discussed below, however, the Court is declining to exercise supplemental jurisdiction over this claim as to both Defendants. The Court will therefore again dismiss this cause of action against Defendant Maldonado without prejudice.

15/16

all federal claims have been dismissed, the "general rule" is to decline to exercise supplemental jurisdiction. <u>Batiste v. Island Records Inc.</u>, 179 F.3d 217, 227 (5th Cir. 1999). However, the Court must balance the factors "of judicial economy, convenience, fairness, and comity" before declining supplemental jurisdiction. <u>Id.</u> Here, judicial economy, convenience, and fairness are all fairly neutral, given that the Fifth Cause of Action has received relatively little attention from the parties or this Court. The factor of comity to Texas courts, and a desire to have Texas courts adjudicate Texas law, weigh in favor of declining to exercise supplemental jurisdiction. Therefore, the Court will decline to exercise supplemental jurisdiction and will instead dismiss the Fifth Cause of Action without prejudice.

## Conclusion

The Defendants' Motion for Summary Judgment (Dkt. 61) is GRANTED. The Fifth Cause of Action will be dismissed without prejudice. The other causes of action in the Third Amended Original Complaint (Dkt. 57) will be dismissed with prejudice.

DONE at Laredo, Texas, this 20th day of June, 2014.

_George P. Kazen_
George P. Kazen
Senior United States District Judge